IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| EDSON GARDNER, LYNDA KOZLOWICZ, MARY C. JENKINS, MELVIN JENKINS SR., and ROGER KOCHAMPASAKEN, in re: Uinta Corporate Charter, and Tabequache/ Uncompahgre Corporate Charter,<br><br>        Petitioners,<br><br>vs.<br><br>KENNETH SALAZAR, U.S. Secretary of the Interior,<br><br>        Respondent. | Civil No. 2:11-CV-0719 BSJ<br><br>**MEMORANDUM OPINION & ORDER**<br>**(28 U.S.C. § 1361)**<br><br>**FILED**<br>CLERK, U.S. DISTRICT COURT<br>March 27, 2013 (2:21pm)<br>DISTRICT OF UTAH |

* * * * * * * * *

Peitioners Edson Gardner and Lynda Kozlowicz commenced the instant action against the respondent Secretary of the Interior on August 8, 2011, originally styling the matter as a petition for a writ of habeas corpus. On December 7, 2011, they filed a motion for change of venue (CM/ECF No. 2), ostensibly asking that their administrative appeal pending before the United States Department of the Interior be transferred to this court. On April 17, 2012, Mr. Gardner and Ms. Kozlowicz filed a motion for relief in the nature of a writ of mandamus under 28 U.S.C. § 1361 requiring the Secretary to issue a federal corporate charter pursuant to Section 17 of the Indian Reorganization Act of 1934, 25 U.S.C. § 477 (2012 ed.), in the name of the "Uinta and Ouray Allottees Association."  (*See* Plaintiffs' Motion for Federal Corporate Charter, filed April 17, 2012 (CM/ECF No. 6).)

The matter came before the court for hearing on April 25, 2012, at which time the court

dismissed the action *sua sponte*, with leave to amend the pleadings within twenty days to allege facts showing the Indian tribal status of the entity for which a federal corporate charter was sought.  (*See* Minute Entry, dated April 25, 2012 (CM/ECF No. 8); Order, filed May 7, 2012 (CM/ECF No. 11).)

On May 4, 2012, Mr. Gardner and Ms. Kozlowicz, joined by additional named plaintiffs, filed an Amended Complaint (CM/ECF No. 9), setting forth their claim for relief compelling the issuance of the federal corporate charter, now styled as an action seeking judicial review of federal administrative action, followed by additional submission concerning recognized Indian tribal status (CM/ECF No. 14).

On July 26, 2012, the Secretary filed a motion to dismiss for lack of jurisdiction and failure to state a claim (CM/ECF No. 16), accompanied by a supporting memorandum (CM/ECF No. 17).  On August 1, plaintiffs filed a memorandum in response (CM/ECF No. 18), and on August 13, the Secretary filed a reply (CM/ECF No. 19).  The motion was calendared for hearing on September 13, 2012, at which time the court heard argument and took the matter under advisement, awaiting plaintiffs' supplementation of the record with additional documents.  (*See* Minute Entry, dated September 13, 2012 (CM/ECF No. 28).)  The parties submitted additional written materials (CM/ECF Nos. 24, 25, 27, 29).

Having reviewed and considered the parties' written submissions and the arguments presented at the September 13th hearing, this court concludes that as the footing for relief in the nature of mandamus, the plaintiffs seek judicial review of administrative rulings that are not "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (2012 ed.), and thus their request for a judicial remedy may be premature.

**Administrative Procedural History**

On January 31, 2011, Mr. Gardner and Ms. Kozlowicz submitted a request to the Uintah and Ouray Agency of the Bureau of Indian Affairs (the "Agency") seeking issuance of a corporate charter pursuant to 25 U.S.C. § 477 in the name of "Kozlowicz and Gardner Advocate, Inc."[1]  On February 3, 2011, they submitted another letter to the Agency requesting that it issue a "Uinta Corporate charter" pursuant to the same statute.  On February 7, 2012, Plaintiffs submitted a third letter to the Agency requesting an "Uncompahgre Indians Corporate Charter," as well as an amendment to the Ute Tribal Constitution to establish the Uinta band as a separate, federally-recognized Indian tribe.

On February 9, 2011, the Agency Superintendent issued a letter denying each of their requests.  First, the Agency denied the January 31, 2011 request because "Kozlowicz and Gardner Advocate, Inc." is not a federally recognized Indian tribe and, therefore, cannot be granted a charter from the Secretary pursuant to 25 U.S.C. § 477.  Second, the Agency denied the February 3, 2011 request because the "Uinta" Band is not a federally recognized Indian tribe.

---

[1] 25 U.S.C. § 477 reads:

The Secretary of the Interior may, upon petition by any tribe, issue a charter of incorporation to such tribe: Provided, That such charter shall not become operative until ratified by the governing body of such tribe. Such charter may convey to the incorporated tribe the power to purchase, take by gift, or bequest, or otherwise, own, hold, manage, operate, and dispose of property of every description, real and personal, including the power to purchase restricted Indian lands and to issue in exchange therefor interests in corporate property, and such further powers as may be incidental to the conduct of corporate business, not inconsistent with law; but no authority shall be granted to sell, mortgage, or lease for a period exceeding twenty-five years any trust or restricted lands included in the limits of the reservation. Any charter so issued shall not be revoked or surrendered except by Act of Congress.

The Agency also denied the relief requested in the February 7, 2011 letter because (a) neither the tribal governing body or a majority of the members of all three bands that comprise the Ute Indian Tribe had requested an election to amend the tribe's existing constitution, and the Agency cannot unilaterally impose such an election upon the Ute Indian Tribe; and (b) the Uncompaghre Band to which Plaintiffs referred has not become federally recognized under 25 C.F.R. part 83, separate and apart from the Ute Indian Tribe, which precludes the Secretary from recognizing them as such for purposes of 25 U.S.C. § 477.

On March 8, 2011, Mr. Gardner and Ms. Kozlowicz filed appeals of the Agency's February 9, 2011 decisions with the Interior Board of Indian Appeals ("IBIA"), case nos. IBIA 11-088 & 11-089.  On March 30, 2011, the IBIA dismissed the appeals because the plaintiffs had not first obtained a decision from the BIA's Regional Director, and referred the matter to the Regional Director's office.

On October 31, 2011, the Regional Director reviewed and affirmed the Agency's February 9th decision.  Mr. Gardner and Ms. Kozlowicz then appealed the Regional Director's decision to the IBIA (case no. IBIA 12-044).  According to the Secretary, that appeal remains pending.[2]

**"Final Agency Action"**

The threshold question in a case such as this is whether the plantiffs seek judicial review

---

[2]On November 28, 2011, the IBIA issued another order dismissing a second appeal by the plaintiffs (case no. IBIA 11-138) for failure to demonstrate that the matter had been presented to the Regional Director, but noted that "[t]he Board recently received an appeal by Appellants from an October 31, 2011, decision by the Western Regional Director, affirming the Superintendent's February 9, 2011, decision.  Our dismissal of this appeal does not affect that pending new appeal."

of federal administrative agency action that is "final" within the meaning of the Adminstrative Procedure Act (APA), which provides that an agency action is "subject to judicial review" when it is either: (1) "made reviewable by statute," or (2) a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  Agency action is final if it marks "the consummation of the agency's decisionmaking process" and is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks omitted).  We focus first upon whether the challenged agency decisions constitute "final" agency action "because if they do not, they are clearly not fit for judicial review." *Southern Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1158 (10th Cir. 2013).

With an administrative appeal from the Regional Director's denial of plaintiffs' corporate charter requests still pending before the IBIA, it seems plainly apparent that the agency actions upon which the plaintiffs' Amended Complaint is grounded are not yet "final" — a point which the plaintiffs appear to concede in their more recent written submissions, *e.g.*, Plaintiff's Reply to Defendants Final Agency Action, District Court Has Jurisdiction, filed September 26, 2012 (CM/ECF No. 27), at 2 ("Plaintiff Allottee Uinta Indians, and Tabeguache/Uncompahgre Indians contends, there has not yet been final agency action . . . .").)  This does not appear to be a case in which plaintiffs' resort to the agency administrative process was "clearly useless,"[3] or one in

---

[3] Exhaustion of administrative remedies is excused "when administrative remedies would be futile, when they would fail to provide relief, or when an agency has adopted a policy or pursued a practice of generally applicability that is contrary to the law."  *Urban ex rel. Urban v. Jefferson Cnty. Sch. Dist. R–1*, 89 F.3d 720, 724 (10th Cir. 1996) (citation and internal quotations omitted).  This futility exception is a narrow one: to fit within the futility exception, a plaintiff must show that resort to the administrative process would be "clearly useless." *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1264 (10th Cir. 1998) (quotation omitted).

which agency action was "unlawfully withheld or unreasonably delayed,"[4] which may warrant a judicial remedy notwithstanding plaintiffs' failure to exhaust their administrative remedies. *Gilmore v. Weatherford*, 694 F.3d 1160, 1169 (10th Cir. 2012).

Absent a showing by the plaintiffs that their most recent appeal to the IBIA from the Regional Director's decision has itself been finally decided, their request for mandamus relief concerning the Secretary's denial of the requested corporate charters is not ripe for judicial review.

Therefore,

**IT IS ORDERED** that the plaintiffs must submit proof in writing of the final disposition of their most recent appeal to the Interior Board of Indian Appeals (case no. IBIA 12-044), within twenty (20) days of the entry of this Order. Absent the submission of such proof, the Secretary's motion to dismiss (CM/ECF No. 16) will be granted for lack of ripeness and the above-captioned proceeding will be dismissed without prejudice;

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment (CM/ECF No. 23) is DENIED;

**IT IS FURTHER ORDERED** that plaintiffs' motion for a federal corporate charter (CM/ECF No. 6) is DENIED as premature;

**IT IS FURTHER ORDERED** that plaintiffs' motion for appearance through attorney

---

[4] 5 U.S.C. § 706(1) permits a court to "compel agency action unlawfully withheld or unreasonably delayed." Case authority from other circuits suggests that claims arising under § 706(1) are not subject to the APA's "final agency action" requirement. *See, e.g.*, *Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001) (if "an agency is under an unequivocal statutory duty to act, failure so to act constitutes, in effect, an affirmative act that triggers 'final agency action' review").

pro se (CM/ECF No. 5) is DENIED as redundant of the fact that all of the plaintiffs named in the Amended Complaint are individual parties proceeding *pro se*, as they generally are entitled to do in the federal courts. *See* 28 U.S.C. § 1654 (2012 ed.).

DATED this 27th day of March, 2013.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge